No. 13140

IN THE SUPREME COURT OF THE STATE OF MONTANA

1975

_____

STATE ex rel FRED L. FIELDS,

Applicant,

-vs-

DISTRICT COURT OF THE FIRST JUDICIAL
DISTRICT OF THE STATE OF MONTANA, IN
AND FOR THE COUNTY OF LEWIS AND CLARK,
and THE HONORABLE NAT ALLEN, PRESIDING
JUDGE,

Respondents.

_____

ORIGINAL PROCEEDING:

Counsel of Record:

For Applicant:

Loble, Picotte and Loble, Helena, Montana
Gene A. Picotte argued, Helena, Montana

For Movant:

Hughes, Bennett and Cain, Helena, Montana
Alan F. Cain argued, Helena, Montana

For Respondents:

Thomas Dowling County Attorney argued and
Charles Graveley, Deputy County Attorney, argued,
Helena, Montana

_____

Submitted: September 23, 1975

Decided: OCT 8 - 1975

Filed: OCT 8 1975

Thomas J. Kearney
Clerk

PER CURIAM:

This is a petition for supervisory control seeking to annul and set aside District Judge Nat Allen's Findings of Fact, Conclusions of Law and Order, dated July 17, 1975, in Lewis and Clark County Cause No. 39105 entitled "State of Montana, ex rel Thomas F. Dowling, Relator v. Fred L. Fields, Respondent." Ex parte this Court ordered an adversary hearing with copies of the petition and supporting documents to be served on the respondent judge, the county attorney of Lewis and Clark County and the attorney general. All proceedings were stayed under further order of the Court.

An adversary proceeding was had in that on the date set for hearing, Thomas F. Dowling, county attorney, and Charles A. Graveley, deputy county attorney, appeared and argued orally without having filed briefs, responsive pleadings or in any manner complying with our rules other than to file a "Motion to Quash" on the grounds that the application for supervisory control was not "timely". The motion to quash is denied.

We therefore look to the petition and attached exhibits for the fact situation. Lewis and Clark County Attorney Dowling, without notice to relator obtained an order requiring, among other things, the summary seizure of three dogs belonging to relator and requiring relator to appear before Judge Gordon Bennett to show cause why one of the dogs should not be destroyed and the other two dogs should not be "confined to determine their vicious tendencies".

The situation giving rise to this unusual type of action and order was as follows: Relator had his three dogs chained on his own premises. On June 5, 1975, the body of three year old Heidi Foust was found near the place where one of relator's dogs, a Siberian Husky, was chained. According to the grandfather of the decedent, who found the body, the Siberian dog's chain was

wrapped about the torso of the child four times. At that time relator Fields was absent from the scene of the tragedy but had left his dogs in care of another, but chained and cared for on premises where he had a right to have them.

The three dogs were seized and placed in the city of Helena dog pound. On June 17 relator returned to Lewis and Clark County and consulted his attorney. His attorney filed a motion to "Strike and Expunge, and Alternative Motion to Quash" the order providing for seizure of the dogs. Judge Bennett was disqualified and respondent District Judge Nat Allen accepted jurisdiction.

Briefs were filed by both sides on the previously mentioned motions to strike and expunge and alternatively to quash. Respondent Judge Allen denied the motions and set the matter for hearing "upon the merits" for June 26, 1975.

On June 26, 1975, the respondent judge, from the bench, ordered the continued confinement of the Siberian Husky dog but ordered the return of the other two dogs to relator Fields.

On July 17, 1975, the respondent judge made findings of fact and conclusions of law and order.

The findings recited that the respondent judge had viewed the premises and had seen the dog. The findings were that relator here was the owner of the dog, that he kept the dog on a 25 foot chain on "unfenced"property. That the three year old child crossed the unfenced property, came within the arc of the chain, and that the dog killed the child by "bitting (sic) and exposing her trachea"..

The respondent court then concluded as a matter of law that the dog was a "public nuisance" and as such was subject to "abatement". The respondent court then "remanded" the dog to the Sheriff who he ordered to "exterminate" said dog [public nuisance] forthwith.

- 3 -

On the same day as the order was made, County Attorney Dowling, acting in a private capacity, represented the parents of the deceased child. A lawsuit against relator Fields praying for damages in a large sum has been filed by the parents. We need not develop this further to observe that probably the most critical evidence at any future proceeding would be the dog.

The foregoing recitations are background only. The question is whether a district court can declare a domestic animal, confined by chain even if on "unfenced" premises, a "public nuisance". Relator's premises are not within the boundaries of any city or town. There is simply no statute or law making the keeping of a domestic animal, a dog, on one's own premises illegal in any way. It cannot be without more a public nuisance.

Without more, the proceeding below is held void.

That emotions naturally engendered by the tragic death of little Heidi Foust caused such an action is clear. Yet, there is no law permitting the seizure and destruction of relator's dog. An incidental benefit will be the preservation of indispensable evidence for use in the forthcoming action for damages. The proceeding below is ordered dismissed and relator's dog returned to him forthwith.